# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHNNIE WATKINS, as the guardian of the estate of JOHNNICE FORD, | ) ) ) |
| Plaintiff, | ) No. 15-cv-8350 ) |
| v. | ) Judge Ronald A. Guzmán ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Court grants the United States' motion to dismiss [12]. This case is hereby dismissed with prejudice. Civil case terminated.

## BACKGROUND

Plaintiff Johnnie Watkins ("Plaintiff") alleges that her adult daughter Johnnice Ford ("Ford") was injured due to medical malpractice during her stay at Ingalls Memorial Hospital in September 2008. (Am. Compl. [Dkt # 27-2] ¶¶ 13-16.) While at Ingalls, Ford received an emergency C-section, shortly after which she was transferred to another hospital and diagnosed with Wernicke's encephalopathy, a neurological disorder caused by thymine deficiency. (*Id.* ¶¶ 6, 10-13.) Plaintiff now claims that Ford's treating doctor at Ingalls, Dr. Bari Parks-Ballard[1] ("Dr. Parks-Ballard"), should have recognized the warning signs of Wernicke's encephalopathy and treated it immediately. (*Id.* ¶¶ 16-18.) That failure, unfortunately, has rendered Ford permanently disabled. (*Id.* ¶18.)

---

[1] Although it is not made explicit in the complaint, the parties' briefing suggests that at the time, Dr. Parks-Ballard was employed by the Family Christian Health Center ("FCHC"), which is a federally funded entity whose staff are deemed federal employees under Section 233(a) of the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 233(a). (*See* Am. Comp. ¶¶ 10-13; Pl.'s Br. Opp'n [Dkt. # 25] at 8.) Accordingly, the United States has assumed the role of Defendant in Dr. Parks-Ballard's stead.

Just shy of two years after the encephalopathy diagnosis, Ford filed a state court medical malpractice claim against Ingalls Memorial Hospital, FCHC, and Dr. Parks-Ballard in August 2010. *See Ford v. Ingalls Mem'l Hosp*, Case No. 2010-L-009605 (Ill. Cir. Ct. Cook Cnty).[2] The 2010 complaint contained virtually the same allegations as those in this case, claiming that Dr. Parks-Ballard and others should have diagnosed and treated Plaintiff's encephalopathy sooner. (*Id.*) Less than a month after filing the 2010 complaint, however, Ford voluntarily dismissed the suit due to her former attorney's failure to comply with certain procedural requirements. (Pl.'s Br. Opp'n [Dkt. # 25] at 6-7.)

About four years later, on July 15, 2014, Plaintiff filed a complaint on behalf of Ford in state court against several entities and individuals, including Dr. Parks-Ballard, alleging essentially the same claims. (*See* Notice of Removal [Dkt. # 1], *Watkins v. United States*, 14 C 8417 (N.D. Ill.).) As with the present case, the United States removed the complaint to federal court and substituted itself as a defendant in place of Dr. Parks-Ballard. *Id*. That action was eventually dismissed, however, due to Plaintiff's failure to exhaust her administrative remedies by filing a tort claim notice with the appropriate federal agency, as required by 28 U.S.C. § 2675(a). (*See* 1/27/15 Mem. Op. & Order [Dkt # 25], *Watkins v. United States*, 14 C 8417 (N.D. Ill.).)

Shortly thereafter, on January 14, 2015, Plaintiff was named guardian of Ford's estate. (Am. Compl. ¶ 7.) She accordingly filed the required administrative claim with the Department of Health and Human Services ("HHS") on January 19, 2015 (more than six years after the alleged malpractice), but that claim was denied. (*Id.* ¶ 2.) Plaintiff then filed the present action on September 23, 2015, which precipitated the instant motion to dismiss filed by the United States.

---

[2] The court may take judicial notice of the 2010 complaint because it is a matter of public record. *See*, *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

## LEGAL STANDARD

Courts must dismiss a case as untimely when the complaint "plainly reveals that the action was not brought within the statutory period." *U.S. ex rel. Walner v. NorthShore Univ. Healthsystem*, 660 F. Supp. 2d 891, 898 (N.D. Ill. 2009) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). "In response to an ordinary 12(b)(6) motion, a court simply examines the allegations in the complaint to determine whether they pass muster." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Courts may, however, "take judicial notice of [adjudicative] facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); Fed. R. Evid. 201(b). In such cases, where matters of public record are germane to the complaint, "[t]aking judicial notice . . . need not convert a motion to dismiss into a motion for summary judgment." *Ennega,* 677 F.3d at 773.

## DISCUSSION

The United States argues that this action is necessarily time barred under both the FTCA and Illinois law. Because the FTCA statute of limitations is dispositive, the Court will confine its discussion to that issue only.

The FTCA constitutes a limited waiver of the United States' sovereign immunity and allows individuals to bring an action for damages against the federal government for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *Warrum v. United States*, 427 F.3d 1048, 1049 (7th Cir. 2005). One limit to that waiver is the FTCA's statute of limitations, which bars any claim not presented in writing to the

appropriate agency within two years of the claim's accrual. 28 U.S.C. § 2401(b); *Jastremski v. United States*, 737 F.2d 666, 669 (7th Cir. 1984). A plaintiff who misses this deadline is not completely out of luck, however: the FTCA also contains a savings clause that extends the limitations period so long as the plaintiff (1) filed a civil suit concerning the underlying tort claim within two years of its accrual and (2) presented that case to the appropriate federal agency within 60 days of the civil suit's dismissal. *See* 28 U.S.C. § 2679(d)(5).

In the instant case, Plaintiff's claim is time barred under either route. The starting point is determining when her claim accrued. "[A] medical malpractice claim against the government accrues when either (1) the individual becomes subjectively aware of the government's involvement in the injury, or (2) the individual acquires information that would prompt a reasonable person to inquire further into the potential government-related cause of the injury." *E.Y. v. United States*, 758 F.3d 861, 866 (7th Cir. 2014). A doctor's affiliation with the government is not the focus of the inquiry, however; the question is simply whether the plaintiff actually knew, or should have known, that her injuries were caused by a doctor. *See Arroyo v. United States*, 656 F.3d 663, 672 (7th Cir. 2011). And in this respect, the 2010 lawsuit against Dr. Parks-Ballard resolves any doubt about whether Ford (and by extension Plaintiff) knew of the doctor-related cause of her injuries. Her claim thus accrued, *at the latest*, by August 20, 2010.

The problem, then, is that Plaintiff's claim accrued in 2010, but she failed to present any administrative claim whatsoever to the federal government until 2015, placing this case well beyond the FTCA's two year statute of limitations. The FTCA's savings clause does not change this result. It is undisputed that Plaintiff filed her administrative claim with HHS on January 19, 2015; consequently, for that claim to have been timely under the savings clause, her corresponding civil suit would have had to have been dismissed no more than 60 days prior, or

4

November 19, 2014. The 2010 suit was dismissed in September of 2010, however, leaving Plaintiff with no leg to stand on. Accordingly, her claims are time barred by the FTCA. *See* 28 U.S.C. § 2401(b); 28 U.S.C. § 2679(d)(5).

Plaintiff offers several arguments to the contrary, but they are ultimately unavailing. First, she contends that (1) a claim does not accrue under the FTCA until a plaintiff is aware of the "critical fact of who inflicted the injury," and that (2) she had no clue that Dr. Parks-Ballard was affiliated with the federal government until October 27, 2014 — the date that the United States informed her of such. (Pl.'s Br. Opp'n at 8-9.) But this argument was flatly rejected by the Seventh Circuit in *Artega v. United States*:

> The plaintiff argues that her claim didn't accrue until she learned that [the defendant] could be sued for malpractice only under the [FTCA]. That argument fails too. . . . [The FTCA requires] knowledge only of injury and of the likely cause of the injury to start the statute of limitations running . . . . [Armed with such knowledge,] the prospective plaintiff should be able to discover within the statutory limitations period the rest of the facts needed for drafting a complaint . . . . *That the defendant is suable only under the [FTCA] is one of those facts.*

711 F.3d at 831 (emphasis added). Plaintiff's ignorance of Dr. Parks-Ballard's federal affiliation is therefore irrelevant to when her claim accrued.

Undeterred, Plaintiff further suggests that even if Ford "discovered" her claim in 2010, she was unable to appreciate it due of her mental disability. This is significant because, on Plaintiff's account, a mentally disabled person's claim does not accrue under federal law until either (a) she no longer suffers from the disability or (b) a guardian is appointed to her. (*See* Pl.'s Br. Opp'n at 9) (citing *Crawford v. United States*, 796 F.2d 924, 927 (7th Cir. 1986)). But here, too, Plaintiff misses the mark. While it is an open question in this circuit whether the FTCA's limitations period may be tolled in exceptional circumstances due to mental incapacity,[3] the

---

[3] *See, e.g., Crawford*, 796 F.2d 924 (discussing, without adopting, a possible limited exception to the discovery rule where a plaintiff is mentally disabled).

resolution of this issue is obviated by the 2010 lawsuit, which indisputably establishes that Plaintiff was sufficiently aware of her injuries and their cause to trigger the limitations period. *See Barnhart v. United States*, 884 F.2d 295, 299 (7th Cir. 1989) ("That [plaintiff] did proceed with a different legal action puts to rest any issue as to his general capacity to bring a legal action."); *see also Ward v. Jessie Brown V.A. Hosp.*, No. 05 C 3633, 2005 WL 3312601, at *7 (N.D. Ill. Dec. 5, 2005) ("As was the case in *Barnhart*, the fact that [plaintiff] was proceeding with his sexual harassment claim against the VA during the relevant two year period shows that [he] had clearly discovered the cause of his injury, that he had the general capacity to bring a legal action, and that as a result the statute of limitations should not be tolled.").

Lastly, Plaintiff presents several scattered arguments concerning Ford's former attorney and equitable tolling. "Equitable tolling is available to a plaintiff who has pursued her rights diligently and points to an extraordinary circumstance that prevented timely filing." *Smith v. EMB, Inc.*, 576 Fed. App'x 618, 619 (7th Cir. 2014). To that end, Plaintiff claims that Ford's former attorney essentially botched the 2010 case by failing to comply with certain administrative requirements, and, moreover, further misrepresented to her that the statute of limitations would not pose any problems for future actions, hence why Plaintiff felt no obligation to quickly file an administrative tort claim. Yet, even if true, this sort of attorney misconduct does not trigger equitable tolling. As the Seventh Circuit explained in *Artega*:

> Prospective plaintiffs are charged with knowledge that there are such things as statutes of limitations, and so if you think you may have a legal claim it behooves you to consult a lawyer, and it behooves him to ascertain the applicable statute of limitations and advise you of it. . . . If the lawyer fails in this duty, the remedy is not to punish the defendant by depriving him of the protection of the statute of limitations; it is for the plaintiff to sue the lawyer who misadvised him for legal malpractice.

711 F.3d at 834 (7th Cir. 2013). As such, Plaintiff has failed to show that any extraordinary circumstances justify her late filing (by five years) of an administrative tort claim, and the Court therefore has no basis to equitably toll the FTCA's limitations period. *See McCall v. United States*, 310 F.3d 984, 988 (7th Cir. 2002) (stating that although the FTCA's statute of limitations is an affirmative defense, a plaintiff has the burden of establishing an exception to it). Plaintiff's claim is accordingly time barred, and this case is hereby dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth above, the Court grants the United States' motion to dismiss [12]. This case is hereby dismissed with prejudice. Civil case terminated.

**SO ORDERED.**  ENTERED: April 12, 2016

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**